Judith A. Sabella, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 7, 1980, before Judges ROGERS, BLATT and MACPHAIL, sitting as a panel of three.

*Carl M. Moses*, for petitioner.

*William J. Kennedy*, Assistant Attorney General, with him *Richard Wagner*, Chief Counsel, and *Edward G. Biester, Jr.*, Attorney General, for respondent.

OPINION BY JUDGE BLATT, June 20, 1980:

Judith A. Sabella (claimant) appeals here from an order of the Unemployment Compensation Board of Review (Board) which denied her benefits after find-

ing that she voluntarily terminated her employment without cause of a necessitous and compelling nature.[1]

The claimant was employed as an Administrator by the Redevelopment Authority of Sharon (Authority) when a clerical employee was hired by the City of Sharon to work under her direction. Problems arose almost immediately when this employe refused to perform her assigned duties or to accept supervision from the claimant. The claimant discussed the situation with her supervisor who in turn spoke with the Mayor of the City who was responsible for the clerical employee's position. The supervisor reported back to the claimant that the Mayor would not allow the discharge of the clerical employee because he was fearful that a discrimination suit would be instituted against the City with the possibility that federal funds would be discontinued. The Mayor suggested that the claimant consider moving her office to another building in an attempt to alleviate the problem. The claimant did consider the feasibility of moving her office but determined that it would be impossible because she had to have access to files which would have to remain in the Authority building and she also had to be in close proximity to other office personnel who worked with her and/or under her direction. She discussed this with her supervisor who agreed that such a move was impossible. Finding herself in an intolerable working condition with no viable alternatives, she resigned. Her request for benefits was denied by the Board after two hearings[2] and so she appeals here.

---

[1] Pursuant to Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1).

[2] After her application for benefits was denied by the Bureau (now Office) of Employment Security, the claimant appealed and had a hearing before a referee. The referee also denied benefits and the Board affirmed the decision. A petition for reconsideration was then granted by the Board and another hearing was held by a Board representative. The Board once again denied benefits.

A claimant becoming unemployed because of a voluntary termination assumes the burden of showing that such termination was for cause of a necessitous and compelling nature. *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 378 A.2d 829 (1977) and our Supreme Court has said that such "good cause" results from circumstances which produce pressure to terminate employment that is both real and substantial, and which would compel a reasonable person under the circumstances to act in the same manner. *Taylor, supra.*

The Board's decision rests in the instant case primarily on two findings: First the Board found that the claimant terminated her employment because of a personality conflict with another employee which she felt was making her nervous. While we must accept the Board's finding, for it is based on substantial evidence, its conclusion that these circumstances do not rise to a cause of a necessitous and compelling nature is a legal conclusion subject to our review. *Taylor, supra.* And the uncontradicted testimony of both the claimant and her supervisor was to the effect that this "personality conflict" rendered working conditions intolerable. A reading of the record convinces us that it was impossible for the claimant to continue working under these circumstances. This brings us to the Board's second crucial finding which was that the claimant was offered an opportunity to move her office but refused to do so. If this were true the claimant would have failed to carry her burden because it is, of course, incumbent upon an employee to make every reasonable effort to maintain the employment relationship. The claimant's supervisor testified, however, that the Mayor requested that he confer with the claimant and "bounce off" on her the question of whether or not it would be feasible for her to move her office. There was such a conference and not only did she express her opinion that such a move was not

feasible, but her supervisor agreed, and we believe that the record establishes the reasonableness of this conclusion. There is absolutely no evidence in the record that any actual offer of a suitable office elsewhere was made or that the people who would have had to authorize such a move were even aware of it. We do not believe therefore that the claimant acted unreasonably or failed to make a good faith effort to maintain the employment relationship.

The order of the Board must therefore be reversed.

ORDER

AND Now, this 20th day of June, 1980, the order of the Unemployment Compensation Board of Review in the above-captioned matter is reversed and the case is remanded to the Board for the computation of benefits.