Aldo Magazzeni, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

636

Submitted on briefs June 8, 1983, to Judges WIL-LIAMS, JR., CRAIG and MACPHAIL, sitting as a panel of three.

*Alfonso Tumini,* for petitioner.

*Richard F. Faux,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, July 26, 1983:

Aldo Magazzeni (Claimant) has filed this Petition for Review from a decision of the Unemployment Compensation Board of Review (Board) which denied Claimant unemployment benefits based upon a determination that Claimant had voluntarily terminated his employment without cause of a necessitous and compelling nature.[1]

---

[1] Section 402(b) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b).

The Board made the following relevant findings in this case. Claimant voluntarily terminated his employment as a probation officer with his employer, the City of Philadelphia, due to dissatisfaction with his work load and a personality conflict with his supervisor. Claimant's work load, however, was found to be comparable to that of his fellow probation officers. The Board also found that Claimant was not subjected to any demeaning, humiliating, profane or abusive language by his supervisor. Continuing work was available to Claimant. Based upon these findings, the Board determined that a mere personality conflict did not provide the requisite necessitous and compelling cause needed to justify his voluntary termination and therefore denied Claimant benefits.

In this case, the Claimant, as the party with the burden of proof,[2] did not prevail below. Our review of the Board's findings of fact is therefore limited to a determination of whether these findings are consistent with each other and with the conclusion of law, and whether those findings can be sustained without a capricious disregard of competent evidence. See e.g., Adamski v. Unemployment Compensation Board of Review, 64 Pa. Commonwealth Ct. 639, 441 A.2d 502 (1982). Although conflicting evidence was presented at the hearing regarding Claimant's reasons for leaving work and the working atmosphere Claimant was subjected to, the Board's resolution of such conflicts against Claimant does not constitute capricious disregard, see Grzech v. Unemployment Compensation Board of Review, 56 Pa. Commonwealth Ct. 9, 17, 423 A.2d 1364, 1368 (1981), and the

---

[2] See e.g., Iaconelli v. Unemployment Compensation Board of Review, 55 Pa. Commonwealth Ct. 117, 423 A.2d 754 (1980).

findings must therefore be considered binding upon this Court.

Of course, the question of whether a Claimant had necessitous and compelling cause for quitting is a legal conclusion subject to review by this Court. *See, e.g., McNeil v. Unemployment Compensation Board of Review,* 51 Pa. Commonwealth Ct. 315, 414 A.2d 727 (1980). As concerns Claimant's contentions in this case, this Court has held that mere dissatisfaction with working conditions or resentment of a superior's criticisms, absent a finding of unjust accusations, abusive conduct or profane language, does not amount to the necessary good cause for quitting. *See Krieger v. Unemployment Compensation Board of Review,* 52 Pa. Commonwealth Ct. 103, 415 A.2d 160 (1980). Furthermore, a personality conflict, absent an intolerable working atmosphere, also does not constitute necessitous and compelling cause. *See Heller v. Unemployment Compensation Board of Review,* 58 Pa. Commonwealth Ct. 194, 427 A.2d 737 (1981). The Claimant contends that the personality conflict here was intolerable, and cites in support of his position *Sabella v. Unemployment Compensation Board of Review,* 52 Pa. Commonwealth Ct. 258, 415 A.2d 722 (1980). Suffice to say that *Sabella* is easily distinguishable from the case before us. In *Sabella,* the uncontradicted testimony of the claimant and her supervisor was to the effect that the conflict between the claimant and another employee under claimant's direction made it impossible for claimant to remain where she was.[3] Here the Claimant's supervisor testified that he believed he and Claimant could have

---

[3] The reason for the Board's denial of benefits, and our subsequent reversal, concerned whether claimant made a good faith effort to see if she could relocate her office away from the offending co-worker.

continued working in the same office and the Board, in its decision, specifically rejected Claimant's asserted reasons for considering the working conditions intolerable.

The order of the Board is affirmed.

### ORDER

The order of the Unemployment Compensation Board of Review, Decision Number B-201773, dated December 3, 1981, is hereby affirmed.