531 A.2d 582

Howard D. Karloff, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs March 4, 1987, to Judges MAC-PHAIL and BARRY, and Senior Judge NARICK, sitting as a panel of three.

*J. Raymond Munholland,* for petitioner.

*Jonathan Zorach,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE NARICK, September 24, 1987:

This is an appeal by Howard D. Karloff (Claimant) from an order of the Unemployment Compensation Board of Review (Board) affirming a referee's decision denying benefits pursuant to Section 402(b) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b).[1] We reverse.

Claimant was employed by Best Brands, Inc. (Employer) as a national sales manager and vice-president. At the time of his separation from employment on July

---

[1] Section 402(b) of the Act provides in pertinent part: "An employe shall be ineligible for compensation for any week—(b) in which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature, . . ."

26, 1985, Claimant was a salaried employee with an income of $40,000 per year.

The facts surrounding Claimant's termination from his employment are not in dispute. Testifying at the hearing before the referee were Claimant and a witness for Employer, Herb Collins (Collins), president of Employer.[2] Although the testimony of record consists of only six pages, it is necessary to discuss it at length.

The testimony of record indicates that Claimant, during the course of his employment, had a continuing personality conflict with an executive vice-president of the company, Isaac Perry (Perry). Claimant testified that this continuing personality conflict with Perry culminated to a point whereby on July 26, 1985, after one particular argument, he was left with no choice but to terminate his employment. Collins testified as follows:

> Mr. Karloff has been having continuing personality conflicts with one individual with one individual [sic] who is a corporate officer and stockholder in the company . . . Perry. . . . His conflicts always started on marketing decisions . . . It got to a point where the argument on the day in question got so hot, so brutal that it could have become without a doubt a fist fight and I think Howard's [Claimant's] decision was rather than have a fist fight he would just quit and I think it could have been considered a force out. I'm forcing you out. You go ahead and quit rather than be fired . . .

See Notes of Testimony from September 9, 1985 at p. 4. Collins agreed with the Claimant that on several occasions Perry indicated he would like to force Claimant out of the company. See N.T. of September 9, 1985 at

---

[2] Collins testified by telephone rather than in person at the hearing before the referee.

p. 4. Although Collins admitted Perry had no authority to hire or fire employees, the testimony of Collins and Claimant revealed that Perry had advised several employees, including Claimant, that he ran the company. See N.T. of September 9, 1985 at p. 5.

Claimant further testified that although he was advised by Collins that he answered to Collins only, Perry constantly intervened. Claimant stated that he appealed to Collins, regarding this problem, but it was an uncontrollable situation. As his reasons for quitting, Claimant testified that "it became a health situation mentally that I couldn't live with . . . between the constant fighting and the arguments that were going on there. I wasn't able to get my work done". Collins corroborated Claimant by stating "It's just not a healthy situation and I totally agree with him". See N.T. from September 9, 1985, p. 5. Collins also confirmed that he tried, without success, to eliminate Perry's position from the company, and that he also had problems with Perry. See N.T. of September 9, 1985 at pp. 5-6.

The referee in concluding that Claimant did not have a necessitous and compelling reason for terminating his employment made the following pertinent findings of fact:

2. Claimant voluntarily terminated his employment as a result of a verbal confrontation with the Executive Vice President of the Corporation on his last day of work.

3. Claimant had been having a personality clash with the Executive Vice President of the Corporation over a marketing decision.

4. Claimant was not terminated by the President of the Corporation and continuing work would have been available.

5. Claimant did not have a definite offer of employment elsewhere at the time of leaving.

6. Claimant is able and available for work. Claimant appealed and the Board affirmed the referee. Hence, this appeal by Claimant.

The issues presented for our consideration by Claimant are: (1) whether the Board disregarded competent evidence in finding that Claimant terminated his employment only because of a personality clash and verbal confrontation with the executive vice-president, and (2) whether Claimant established that his voluntary termination was for cause of a necessitous and compelling nature.

Our scope of review is limited to a determination of whether there has been a constitutional violation or an error of law and whether the findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa. Commonwealth Ct. 92, 525 A.2d 841 (1987). Whether an employee does have cause of a necessitous and compelling nature for quitting is a legal conclusion subject to review by this Court. *See, e.g., McNeil v. Unemployment Compensation Board of Review*, 51 Pa. Commonwealth Ct. 315, 414 A.2d 727 (1980).

A claimant becoming unemployed because of a voluntary termination assumes the burden of showing that such termination was for cause of a necessitous and compelling nature. *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 378 A.2d 829 (1977). Good cause for terminating employment which is of a necessitous and compelling nature results from circumstances which produce pressure to terminate employment that is both real and substantial, and which would compel a reasonable person under the circumstances to act in the same manner. *Taylor* at 358-59, 378 A.2d at 832-33.

Thus, we must determine whether the referee's findings which were affirmed by the Board that Claimant did not have cause of a necessitous and compelling nature for terminating his employment were supported by substantial evidence. Mere personality differences between an employee and a supervisor will not give rise to a cause of a necessitous and compelling nature for terminating employment. *Penkola v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 326, 379 A.2d 890 (1977). However, an employee who voluntarily terminates employment due to a personality conflict with another employee which renders working conditions intolerable will constitute cause of a necessitous and compelling nature for terminating employment. *Sabella v. Unemployment Compensation Board of Review*, 52 Pa. Commonwealth Ct. 258, 415 A.2d 722 (1980). Repeated and deliberate interference with an employee's duties by one who is not claimant's supervisor or by one for whom claimant is not required to perform job duties can constitute cause of a necessitous nature for voluntarily leaving work. *Wasko v. Unemployment Compensation Board of Review*, 88 Pa. Commonwealth Ct. 16, 488 A.2d 388 (1985).

In *Sabella*, the claimant was employed as an administrator by the Redevelopment Authority of Sharon when a clerical employee was hired to work under claimant's direction. Problems arose when this employee refused to accept supervision from claimant or perform assigned work. Claimant discussed the situation with her supervisor who in turn spoke with the mayor of the city. The supervisor reported back to claimant that the mayor would not allow discharge of this clerical employee because he was fearful of a discrimination suit, but suggested that claimant move her office to another building. It was determined that it was not feasible for claimant to move her office. Finding the working

conditions intolerable, she resigned. This Court awarded benefits finding that claimant had a cause of a necessitous and compelling nature for terminating her employment and that claimant had made reasonable efforts to maintain the employment relationship.

In *Wasko,* claimant was employed by the Borough of Wheatland and was under the supervision and control of the members of council. The mayor of Wheatland continuously and without authority would interfere with claimant's work and would request claimant to do additional work for the mayor which was not part of claimant's job duties. The members of council attempted to put a stop to the mayor's interference but were unsuccessful. For this reason, the claimant voluntarily terminated her employment. This Court, in reversing the order of the Board, awarded benefits and concluded that claimant did have cause of a necessitous and compelling nature for terminating her employment.

In the case at hand, the evidence of record discloses that Claimant, for an extended period of time, had been having trouble with Perry to a point where there was constant arguing and he was unable to get his work done. The record also reveals that Collins was aware of this situation but that it was an uncontrollable situation. For this reason, Claimant was left with no alternative but to terminate his employment. Accordingly, based upon *Wasko* and *Sabella,* we conclude that Claimant did have cause of a necessitous and compelling nature for terminating his employment.

Therefore, for the reasons set forth herein, the order of the Board is reversed.

## ORDER

AND NOW, this 24th day of September, 1987, the order of the Unemployment Compensation Board of Review at Decision No. B-246988 is reversed.