Anthony C. GIOIA, Petitioner,

v.

UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 12, 1995.
Decided June 26, 1995.

Anthony C. Gioia, petitioner, for himself.

James K. Bradley, Asst. Counsel and Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before PELLEGRINI and FRIEDMAN, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Anthony C. Gioia (Claimant) petitions for review of an order of the Unemployment Compensation Board of Review (Board) that affirmed a referee's decision denying benefits to Claimant. We affirm.

For seventeen months Claimant was employed as a door builder for Heritage Custom Kitchens (Employer) until his last day of work on September 12, 1994. The Office of Employment Security (OES) disapproved Claimant's application for unemployment benefits, concluding that Claimant's voluntary quit was without cause of a necessitous and compelling nature pursuant to Section 402(b) of the Unemployment Compensation Law (Law).[1] The OES reported that Claimant's reason for quitting was based on a dissatisfaction with Employer's management style. On appeal, the referee affirmed the OES' determination, indicating that Claimant "overreacted to what he [Claimant] regarded as unjust criticism on the part of employer." Referee's decision, p. 2.

Claimant appealed to the Board, which conducted a *de novo* review of the record to ensure that Claimant was afforded a full and fair hearing. The Board's pertinent findings of fact are as follows:

2. The claimant had two performance ratings by the employer, both of which were above average.

3. The claimant bid on a new job within the plant, received it based upon merit and began to work on January 17, 1994.

4. The employer had no formal training program and all of the training was 'on-the-job.'

5. On May 13, 1994, the claimant was taken aside by the general superintendent and was told the quality of his work was

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(b).

unsatisfactory and there had been complaints.

6. The claimant felt this criticism was unjust and he felt demoralized by it.

7. Following the May 13, 1994 incident, the claimant's relationship with the employer, particularly his supervisor, deteriorated further.

8. The claimant applied to the Human Resources Department for a transfer, which was denied, but a meeting was held in order to discuss the problem.

9. The claimant felt that there was no satisfactory resolution as a result of the meeting.

10. The claimant was assigned a sanding job which the employer states was a normal rotational alternative, but which the claimant considered to be menial.

11. The claimant submitted a letter of resignation.

12. Claimant was not mistreated, harassed or otherwise discriminated against by employer.

13. The employer suggested another attempt to resolve the matter but the claimant declined.

14. Continuing work was available for the claimant at Heritage Custom Kitchens.

Board's decision, pp. 1–2. Based upon these findings, the Board affirmed the referee's decision denying benefits to Claimant. The Board specially noted its *de novo* review of the entire record because of Claimant's allegations of improper and unprofessional behavior on the part of the referee.

On appeal,[2] Claimant, proceeding *pro se*, raises the following issues for our review: (1) whether a complete and fair review was conducted by the Board in light of Claimant's contentions concerning the referee's behavior; and (2) whether the circumstances surrounding Claimant's leaving employment meet the compelling and necessitous standard of the Law.

Claimant first argues that he was prejudiced by the referee's inattention which is documented in the record. He further complains that he has not received a satisfactory explanation as to the lack of impact the referee's decision has on the outcome of his case.

In response, the Board cites Section 504 of the Law, 43 P.S. § 824, which provides in part that:

The board shall have power, on its own motion, or on appeal, to remove, transfer, or review any claim pending before, or decided by, a referee, and in any such case and in cases where a further appeal is allowed by the board from the decision of a referee, may affirm, modify, or reverse the determination or revised determination, as the case may be, of the department or referee *on the basis of the evidence previously submitted in the case,* or direct the taking of additional evidence. (Emphasis added.)

The language in Section 504 provides for the review by the Board of the evidence submitted before the referee. When the Board makes its own findings of fact, it is the Board's findings, not the referee's, that are subject to our review. *Viglino v. Unemployment Compensation Board of Review,* 105 Pa.Commonwealth Ct. 616, 525 A.2d 450 (1987). The Board itself need not hold a hearing. Furthermore, the law is well settled that the Board is the ultimate fact finder in unemployment cases. *Sprague v. Unemployment Compensation Board of Review,* 167 Pa.Commonwealth Ct. 184, 647 A.2d 675 (1994). As such, it is within the Board's power to assess the credibility of the testimony presented and to resolve evidentiary conflicts. *Id.*

Here, the Board reviewed all evidence presented, including Claimant's testimony wherein he questions the referee's alertness. Particularly, because Claimant accused the referee of falling asleep during testimony, the Board carefully reviewed the

---

2. Our scope of review in an unemployment compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial

evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. *Peoples First National Bank v. Unemployment Compensation Board of Review,* 159 Pa.Commonwealth Ct. 134, 632 A.2d 1014 (1993).

entire proceedings, determining that Claimant "was afforded a full and fair hearing at which his rights were protected." Board's decision, p. 2. Moreover, the Board contends that its findings of fact are based on substantial evidence.[3] We agree.

■ We next address Claimant's argument that his voluntary quit was for cause of a necessitous and compelling reason. He contends that he was coerced into handing in his resignation because of incompetent management.

A claimant whose unemployment is due to voluntary termination bears the burden of proving that such termination was for a necessitous and compelling reason; that is, circumstances which placed a real and substantial pressure on the employee to terminate employment and which would cause a reasonable person under like circumstances to do the same. *Breslow v. Unemployment Compensation Board of Review,* 102 Pa.Commonwealth Ct. 187, 517 A.2d 590 (1986). Where an employee voluntarily terminates employment due to a personality conflict with another employee which conflict renders working conditions intolerable, cause of a necessitous and compelling nature for terminating employment has been held to exist. *Karloff v. Unemployment Compensation Board of Review,* 109 Pa.Commonwealth Ct. 498, 531 A.2d 582 (1987). Mere dissatisfaction with working conditions or resentment of supervisory criticism or a mere personality conflict absent an intolerable work atmosphere, however, does not constitute necessitous and compelling reasons for a voluntary quit. *Magazzeni v. Unemployment Compensation Board of Review,* 75 Pa.Commonwealth Ct. 635, 462 A.2d 961 (1983). *Uniontown Newspapers, Inc. v. Unemployment Compensation Board of Review,* 126 Pa.Commonwealth Ct. 102, 107, 558 A.2d 627, 629 (1989) (emphasis deleted).

■ Claimant repeatedly contends that he was coerced into submitting his letter of resignation because no satisfactory resolution or compromise could be attained. However, the Board found that Employer had held a meeting to discuss the problems and suggested a second meeting even after Claimant submitted his resignation letter. The Board found that Claimant refused this further effort by Employer to correct the situation. Based on this evidence the Board concluded that Claimant failed to meet the test of what constitutes a necessitous and compelling reason to voluntarily quit. We hold that the evidence of record provides a sufficient basis upon which the Board could so conclude. A disagreement with an employer's policies or dissatisfaction with working conditions centered on differences with an employer's management style is not a compelling enough cause to voluntarily quit one's job. *Creason v. Unemployment Compensation Board of Review,* 123 Pa.Commonwealth Ct. 441, 554 A.2d 177 (1989).

Accordingly, we affirm the Board's denial of benefits.

### *ORDER*

NOW, June 26, 1995, the order of the Unemployment Compensation Board of Review, in the above matter, is affirmed.

---

**3.** Substantial evidence is such relevant evidence which a reasonable mind might accept as adequate to support the findings of the Board. Whether a finding is supported by substantial evidence is determined by a review of the entire record in the light most favorable to the party in whose favor the Board found, giving that party the benefit of all inferences which logically and reasonably can be drawn from the record. *Mormak v. Unemployment Compensation Board of Review,* 135 Pa.Commonwealth Ct. 232, 579 A.2d 1383 (1990).