Paul G. Ramsey, Jr., : 
                  Petitioner : 
                   : 
      v. : No. 761 C.D. 2016 
                   : Submitted: December 2, 2016 
Unemployment Compensation : 
Board of Review, : 
               Respondent : 

BEFORE:   HONORABLE ROBERT SIMPSON, Judge 
             HONORABLE JULIA K. HEARTHWAY, Judge 
             HONORABLE JOSEPH M. COSGROVE, Judge 

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**           **FILED: February 15, 2017**

Paul G. Ramsey, Jr. (Claimant), representing himself, petitions for review of an order of the Unemployment Compensation Board of Review (Board) that affirmed a referee's decision finding Claimant ineligible for benefits under Section 402(b) of the Unemployment Compensation Law (Law)[1] because he voluntarily quit his employment without necessitous and compelling cause. Claimant argues he did not voluntarily quit because the unemployment compensation (UC) service center determined him not ineligible for UC benefits pursuant to Section 402(e) of the Law, 43 P.S. §802(e) (pertaining to willful misconduct). Upon review, we affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §802(b).

## I. Background

Claimant worked full time as a maintenance person with Alumisource Corporation (Employer) for 14 months. Claimant's last day of work was September 4, 2015. Employer discharged Claimant based on absenteeism. After his separation from employment, Claimant applied for UC benefits. The local service center determined Claimant not ineligible for benefits under Section 402(e) of the Law because Claimant showed good cause for his last work absence. Employer filed an appeal, and a referee held a hearing.

At the hearing, the issues were: whether Claimant voluntarily or involuntarily separated from work; if the separation was voluntary, whether Claimant had necessitous and compelling cause to separate from employment; and if Claimant's separation was involuntary, whether Employer discharged Claimant for willful misconduct in connection with work. Referee's Op., 1/14/16, at 1.

The referee heard testimony from Claimant, Brian Ritchie, Employer's Plant Manager (Plant Manager), and Chris Kowalski, Employer's Operations Manager (Operations Manager).[2] Based on that evidence, the referee found Employer sent Claimant home from work on September 8, 2015, based on issues with attendance. At that point, Employer advised Claimant he was suspended for three days and should return to work on Friday, September 11, 2015. Claimant returned to the worksite, took personal items from a locker and failed to report for work or duty. Employer considered Claimant to have abandoned his employment. Referee's Op., Findings of Fact (F.F.) Nos. 1-4.

---

[2] Neither Claimant nor Employer were represented by counsel at the hearing.

Ultimately, the referee determined Claimant ineligible under Section 402(b) of the Law and reversed the service center's decision.

Claimant appealed to the Board, which affirmed. The Board rejected as not credible Claimant's testimony that Employer discharged him. The Board further found continuing work was available for Claimant after his three-day suspension. Bd. Op., 3/16/16, at 1. The Board also adopted and incorporated the referee's findings and conclusions. Claimant petitions for review.

## II. Issues

On appeal,[3] Claimant contends he never received Employer's "manual based on absenteeism and tardiness as well as call off procedures." Br. of Pet'r at 4. He also argues his work ethic "was well above par" and questions the warning he received. Claimant asserts he did not receive "the paper I signed stating I was suspended." Id. Claimant further contends Employer never established a 401(k) on his behalf. Claimant argues the Board "revoke[d] my eligibility … for a different reason from which I was originally granted [UC benefits]." Id. Finally, Claimant asserts "the referee was not made aware of [Claimant's] initial eligibility [for UC benefits] instead based [Claimant's] case on 'willful misconduct.'" Id.

---

[3] Our review is limited to determining whether necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated. Hessou v. Unemployment Comp. Bd. of Review, 942 A.2d 194 (Pa. Cmwlth. 2008).

3

### III. Discussion

In UC cases, the Board is the ultimate fact-finder and is empowered to resolve all conflicts in evidence, witness credibility and weight accorded to the evidence. Ductmate Indus., Inc. v. Unemployment Comp. Bd. of Review, 949 A.2d 338 (Pa. Cmwlth. 2008). Where substantial evidence supports the Board's findings, they are conclusive on appeal. Id. In addition, we must examine the testimony in a light most favorable to the party in whose favor the fact-finder ruled, giving that party the benefit of all logical and reasonable inferences from the testimony. Id. Unchallenged findings are conclusive on appeal. Munski v. Unemployment Comp. Bd. of Review, 29 A.3d 133 (Pa. Cmwlth. 2011).

Substantial evidence is such relevant evidence upon which a reasonable mind could base a conclusion. Umedman v. Unemployment Comp. Bd. of Review, 52 A.3d 558 (Pa. Cmwlth. 2012). "The fact that [a party] … might view the testimony differently than the Board is not grounds for reversal if substantial evidence supports the Board's findings." Tapco, Inc. v. Unemployment Comp. Bd. of Review, 650 A.2d 1106, 1108-09 (Pa. Cmwlth. 1994).

Section 402(b) of the Law provides, "[a]n employe shall be ineligible for compensation for any week—[i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature …." In a voluntary quit case, it is the claimant's burden to prove his separation from employment is involuntary. Bell v. Unemployment Comp. Bd. of Review, 921 A.2d 23 (Pa. Cmwlth. 2007). Whether a claimant's separation from employment is voluntary or a discharge is a question of law for this Court to determine from the

4

totality of the record. Id. In making this determination, we look at the totality of the circumstances surrounding the separation. Wise v. Unemployment Comp. Bd. of Review, 111 A.3d 1256 (Pa. Cmwlth. 2015). A voluntary termination requires a finding that the claimant had a conscious intention to leave employment. Id.

Here, substantial, competent evidence supports the Board's findings regarding Claimant's voluntary separation from employment. Claimant received a written warning of his failure to report off work according to policy. Referee's Hr'g, Notes of Testimony (N.T.), 1/12/16, at 5, Ex. No. 1. The written warning provided Claimant with a plan for improvement, stating: "[Claimant] will try to miss less work and if necessary to do so, call in to report off." Id. The written warning stated the consequences of further infraction: "Continued failure to follow Company Procedure regarding reporting off may result in termination." Id. Both Plant Manager and Claimant signed this written warning under the statement: "By signing this form, you confirm that you understand the information in this warning. You also confirm that you and your manager have discussed the warning and a plan for improvement." Id.

Plant Manager testified Employer gave Claimant a three-day suspension. Plant Manager testified on the day Employer anticipated Claimant's return from his three-day suspension, Claimant had cleaned out his locker, "[gave] us the impression that he was resigning … [and] … mentioned something to one of his coworkers that he was no longer going to work here anymore." N.T. at 5. Plant Manager further testified that if Claimant returned to work on September 11, 2015, after his three-day suspension, continuing work was available. Id. at 5.

5

Plant Manager stated Employer and Claimant had more than one verbal communication regarding improvement of Claimant's performance prior to Claimant's written warning. Id. at 8.

Operations Manager testified he witnessed the counseling of Claimant. N.T. at 6. Operations Manager testified he heard Claimant state that he would be back after his suspension. Id. Operations Manager testified that during the counseling, Claimant stated he "completely understood"[4] why Employer needed to suspend him. Id.

Claimant offered testimony that he signed his written warning, but did not read it or understand it. Id. at 7-8. When questioned as to why he did not return to work after his three-day suspension, Claimant did not recall agreeing to return to work after his suspension and "didn't know I had to work [on September 11, 2015] anyhow." Id. at 5; see also id. at 7-8. Claimant further acknowledged he cleaned out his locker after his suspension. Id. at 5-6.

A voluntary termination is not limited to a formal or even an express resignation; it can be inferred from the employee's conduct. G.C. Murphy Co. v. Unemployment Comp. Bd. of Review, 471 A.2d 1295 (Pa. Cmwlth. 1984). An employee who leaves his employment without informing his employer when or if he is planning to return may be held to have voluntarily quit. Iaconelli v. Unemployment Comp. Bd. of Review, 892 A.2d 894 (Pa. Cmwlth. 2006). Examining the totality of the circumstances surrounding Claimant's separation,

---

[4] Referee's Hr'g, Notes of Testimony (N.T.), 1/12/16, at 6.

6

Claimant's actions evidence a conscious intention to leave employment. <u>Wise</u>. Although Claimant offered conflicting testimony, the Board resolved these conflicts in Employer's favor.

To the extent Claimant contends the Board erred in finding Employer's evidence credible over his evidence, such credibility determinations are within the sole province of the Board and will not be disturbed on appeal. <u>See Ductmate</u>; <u>Tapco, Inc</u>.

Upon review, we conclude the Board's findings are supported by substantial, competent evidence. <u>Umedman</u>. In turn, the Board's findings support the conclusions that Claimant voluntarily quit his employment and that continuing work existed for Claimant. Thus, we are satisfied the Board did not err in concluding Claimant voluntarily quit.

An employee who voluntarily terminates his employment has the burden of proving his termination was necessitous and compelling. <u>Mansberger v. Unemployment Comp. Bd. of Review</u>, 785 A.2d 126 (Pa. Cmwlth. 2003). In order to show necessitous and compelling cause, a claimant must show: (1) circumstances existed which produced real and substantial pressure to terminate employment; (2) such circumstances would compel a reasonable person to act in the same manner; (3) the claimant acted with ordinary common sense; and, (4) the claimant made a reasonable effort to preserve his employment. <u>Brunswick Hotel & Conference Ctr., LLC v. Unemployment Comp. Bd. of Review</u>, 906 A.2d 657 (Pa. Cmwlth. 2006).

7

The question of whether a claimant has a necessitous and compelling reason to terminate employment is a question of law reviewable by this Court. Ann Kearney Astolfi DMD PC v. Unemployment Comp. Bd. of Review, 995 A.2d 1286 (Pa. Cmwlth. 2006). A claimant seeking benefits under Section 402(b) bears the burden of demonstrating a necessitous and compelling reason for leaving his employment. Id. Resentment of supervisory criticism or a mere personality conflict with a supervisor or a coworker, absent an intolerable work environment, does not constitute cause to quit. Gioia v. Unemployment Comp. Bd. of Review, 661 A.2d 34 (Pa. Cmwlth. 1995).

Here, Employer gave Claimant a written warning and placed him on a three-day suspension based on attendance issues, with the understanding that he should return to work on September 11, 2015. F.F. No. 2; N.T. at 5, 8. Claimant's written warning stated a plan of improvement and the consequences of further infractions, including termination. Ex. No. 1; N.T. at 7. Claimant signed that warning, confirming his understanding of the written warning. Id. Employer had work available to Claimant upon his return to work. Id. Claimant chose not to report for work after his three-day suspension. Instead, Claimant took personal items from a locker and left work. F.F. No. 3; N.T. at 5-6.

Claimant did not prove circumstances of real and substantial pressure to quit. Employer informed Claimant of available work upon his return. Claimant did not attempt to improve his work attendance. Claimant acknowledged his understanding of the written warning and suspension. Nevertheless, he chose not to return to work after his suspension, but rather, cleaned out his locker without

8

notifying Employer of his reasons for quitting work prior to his separation. Brunswick Hotel. Claimant failed to apprise Employer of his reasons for not reporting to work, and he did not request assistance from Employer in dealing with his reasons for his absences prior to his separation. The fact that Claimant received a reprimand does not constitute good cause for Claimant to quit his employment. Gioia. In fact, Claimant made no reasonable attempt to preserve his employment. Thus, the record supports the Board's determination that Claimant voluntarily abandoned his employment without cause of a necessitous and compelling reason. Ann Kearney Astolfi DMD PC.

Claimant next argues that although the UC service center determined him not ineligible for benefits under Section 402(e) of the Law, the Board found Claimant ineligible under Section 402(b) of the Law. Claimant's argument fails. The Board adopted the referee's finding that Employer did not take action against Claimant until he failed to return for work as scheduled. Bd. Op. at 1; Referee's Op. at 2. Thus, the fact-finder found Claimant voluntarily quit his job after his three-day suspension. Because the fact-finder found a voluntary separation on the part of Claimant, it did not reach an examination of the willful misconduct provisions of Section 402(e) of the Law. Id.

Finally, in his brief to this Court, Claimant asserts he never received Employer's manual, his work ethic with Employer was contrary to the written warning, and Employer never established a 401(k) on Claimant's behalf. However, Claimant did not raise these issues below. As such, they are waived.

9

See <u>Yost v. Unemployment Comp. Bd. of Review</u>, 42 A.3d 1158 (Pa. Cmwlth. 2012) (issues not raised before the referee or Board are waived).

## IV. Conclusion

In sum, the Board's findings are supported by substantial evidence. The Board properly determined Claimant was ineligible for benefits having voluntarily quit his employment without a necessitous and compelling reason. Accordingly, we affirm.

---

ROBERT SIMPSON, Judge

10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Paul G. Ramsey, Jr.,                  :
                 Petitioner    :
                                   :
          v.                         :    No. 761 C.D. 2016
                                   :
Unemployment Compensation             :
Board of Review,                      :
                 Respondent    :

## **O R D E R**

**AND NOW**, this 15th day of February, 2017, the order of the Unemployment Compensation Board of Review is **AFFIRMED**.

 

ROBERT SIMPSON, Judge