# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dale S. Zimmerman,                        :
                     Petitioner      :
                                   :
              v.                        :    No. 283 C.D. 2019
                                   :    Submitted: July 26, 2019
Unemployment Compensation                 :
Board of Review,                          :
                   Respondent      :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**             **FILED: August 13, 2019**

Dale S. Zimmerman (Claimant) petitions for review of an Order of the Unemployment Compensation (UC) Board of Review (Board), which affirmed a decision by a Referee that found Claimant ineligible for benefits pursuant to Section 402(b) of the UC Law (Law).[1] Claimant asserts the Board erred in finding he did not have a necessitous and compelling reason to voluntarily quit. Upon review, we affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b), which provides, in relevant part, that "[a]n employe shall be ineligible for compensation for any week . . . [i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature . . . ."

The facts of this case are not in dispute. Claimant worked for Progressive Logistics (Employer) as a full-time truck unloader from August 30, 2018, to September 7, 2018. During this training period, Employer paid Claimant a flat, hourly rate. Upon completion of his training period, Claimant would be paid based upon the contents of each truck and the amount of time it took to unload the truck. Claimant believed Employer was permitting other employees to cut line so that they would be able to make more money. Claimant discussed this practice of distributing work, which he considered unfair, with Employer, but Claimant did not believe Employer would address it. Claimant did not want to work for an employer he considered unethical. Without anything in particular occurring on September 7, 2018, Claimant quit his employment, effective immediately.

Claimant subsequently filed for UC benefits. A local UC Service Center issued a Notice of Determination finding Claimant ineligible for benefits under Section 402(b) because Claimant voluntarily quit as a result of dissatisfaction with his employment. The UC Service Center also assessed an overpayment for benefits Claimant received to which he was not entitled because of the ineligibility determination. Claimant appealed, and a hearing was scheduled before a Referee. Claimant testified on his own behalf before the Referee.[2]

Following the hearing, the Referee issued a Decision affirming the UC Service Center's determination that Claimant was ineligible for UC benefits pursuant to Section 402(b). The Referee noted that mere dissatisfaction with one's working conditions was not a necessitous and compelling reason to quit one's employment. (Referee's Decision at 3.) Here, the Referee found Claimant was dissatisfied with the manner in which he would be paid. (*Id.* at 2.) However, the

---

[2] Employer did not appear at the hearing.

Referee further found that at the time Claimant quit, Claimant was still in his training period and was being paid a flat, hourly rate. (*Id.*) Thus, the Referee concluded Claimant was not being adversely affected by Employer's business practice. (*Id.* at 3.)

Claimant appealed the Referee's Decision to the Board, which affirmed and adopted and incorporated the Referee's findings and conclusions as its own. The Board reiterated that disagreement with an employer's management practice was not a necessitous and compelling reason to quit one's job. Claimant now petitions for review of the Board's Order.

On appeal,[3] Claimant argues the Referee and Board improperly focused on his quitting and not the reasons for why Claimant quit. He called Employer's practice of allowing other employees to "chip" or cut line "unethical and unfair" and a form of "modern day 'slavery.'" (Claimant's Brief at 8-9.) As a result, he maintains he had a necessitous and compelling reason for quitting.

The Board responds that mere dissatisfaction with one's work is not a necessitous and compelling reason to quit. It further argues that employees have no right to participate in management decisions, such as distribution of work. Moreover, according to the Board, Claimant did not show that Employer's practice was illegal or unethical. Finally, it points out that Claimant was still in his training period at the time he quit and was still earning a flat, hourly rate. Therefore, he was not harmed by Employer's practice.

---

[3] This Court's scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of facts are supported by substantial evidence. *Johns v. Unemployment Comp. Bd. of Review*, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth. 2014).

3

Under Section 402(b) of the UC Law, in order to be eligible for benefits, claimants who have voluntarily quit their employment must show that they had necessitous and compelling reasons for doing so. *Collier Stone Co. v. Unemployment Comp. Bd. of Review*, 876 A.2d 481, 484 (Pa. Cmwlth. 2005). Here, the facts are not in dispute, including that Claimant voluntarily left his employment. Thus, the burden is on Claimant to show that he had a necessitous and compelling reason for quitting. *Latzy v. Unemployment Comp. Bd. of Review*, 487 A.2d 121, 123 (Pa. Cmwlth. 1985). A claimant can satisfy this burden by demonstrating that: "(1) circumstances existed which produced real and substantial pressure to terminate employment; (2) such circumstances would compel a reasonable person to act in the same manner; (3) the claimant acted with ordinary common sense; and[] (4) the claimant made a reasonable effort to preserve [the claimant's] employment." *Brunswick Hotel & Conference Ctr., LLC v. Unemployment Comp. Bd. of Review*, 906 A.2d 657, 660 (Pa. Cmwlth. 2006). As the Referee and Board noted, "[m]ere dissatisfaction with wages or working conditions is not sufficient to establish necessary and compelling reasons to quit employment." *Monaco v. Unemployment Comp. Bd. of Review*, 565 A.2d 127, 130 (Pa. 1989). Whether a claimant had necessitous and compelling reasons for terminating his employment is a question of law subject to review by this Court. *Wise v. Unemployment Comp. Bd. of Review*, 111 A.3d 1256, 1261 (Pa. Cmwlth. 2015).

The sole reason proffered by Claimant for quitting his position with Employer was his perceived inequity in the way work was distributed. Claimant does not allege work was distributed on any discriminatory basis. Rather, he asserts that, in his opinion, work was distributed to employees who were stronger and could work faster, which was unfair to other employees. While Claimant may have perceived

Employer's practices as unfair, he has not established they are illegal. We are sympathetic to Claimant's concerns, but distribution of work is a management prerogative and Claimant's dissatisfaction with how work was distributed was not a necessitous and compelling reason for quitting. *See Crater v. Unemployment Comp. Bd. of Review*, 317 A.2d 63, 64 (Pa. Cmwlth. 1974) (finding a claimant's dissatisfaction with work location, pay, and job distribution was insufficient to constitute cause of a necessitous and compelling nature).

Claimant also testified at the hearing before the Referee that he "didn't want to continue to work at a place like that" and that he is "a very ethical person and . . . didn't want to continue if that's the way they do things." (Hr'g Tr. at 9, Record Item 11.) In *Ayres v. Unemployment Compensation Board of Review*, 598 A.2d 1083 (Pa. Cmwlth. 1991), this Court was confronted with another claimant who, for personal reasons, disagreed with the business practices of her employer. There, the claimant, after four hours of training and one hour of work, quit her position as a telemarketer because she believed the employer's method of selling life insurance was unethical and against her conscience. We held that absent an "express violation of law, regulation or professional ethics . . . , an employee does not establish cause of a compelling or necessitous nature . . . unless the employee proves that the duties required by employer so affected his or her professional and personal integrity that it would justify the voluntary quit." *Id.* at 1087. We further explained that "[t]he practice of employer, at best, must be highly questionable so that avoidance of the practice would be the prudent course of action." *Id.* There, because the claimant only presented unsubstantiated beliefs without reference to any law or regulation, regardless of how sincere the claimant's beliefs, they were not sufficient to establish a necessitous and compelling reason to quit. *Id.* We explained that the claimant

5

may have acted in subjective good faith, but she did not show an objective justification for quitting her employment. *Id.*

Similar to the claimant in *Ayres*, Claimant here has not pointed to any illegal action by Employer in making work assignments. We do not doubt that Claimant found Employer's practice highly objectionable. However, we cannot conclude, as a matter of law, that this subjective belief constitutes a necessitous and compelling reason to voluntarily quit one's employment. As stated above, it is well settled that "[a] disagreement with an employer's policies or dissatisfaction with working conditions centered on differences with an employer's management style is not a compelling enough cause to voluntarily quit one's job." *Gioia v. Unemployment Comp. Bd. of Review*, 661 A.2d 34, 37 (Pa. Cmwlth. 1995).

Finally, we agree with the Board that Claimant had not yet suffered any harm by the alleged employment practices. Claimant testified that his training period was for two weeks and he had just completed his first week of training when he abruptly quit. During his training period, Claimant was paid a flat, hourly rate. (Hr'g Tr. at 5, 9.) Only after he completed his training would Claimant be subject to having his compensation calculated based upon the contents of the trucks and how quickly he unloaded them. Any harm Claimant would have suffered was speculative. In *Monaco*, the Pennsylvania Supreme Court held that claimants who were protesting a **possible** change in pay did not have a necessitous and compelling reason for quitting because any effect was only speculative. 565 A.2d at 131. Here, Claimant's protest in the form of quitting his employment was likewise premature.

Because Claimant quit his employment without cause of a necessitous and compelling reason, we must affirm the Board's Order.

_____
**RENÉE COHN JUBELIRER,** Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dale S. Zimmerman,                          :
                    Petitioner              :
                                            :
           v.                               :        No. 283 C.D. 2019
                                            :
Unemployment Compensation                   :
Board of Review,                            :
                    Respondent              :

# **O R D E R**

**NOW**, August 13, 2019, the Order of the Unemployment Compensation Board of Review, dated February 15, 2019, is **AFFIRMED.**

_____
**RENÉE COHN JUBELIRER,** Judge