558 A.2d 627

**UNIONTOWN NEWSPAPERS, INC., Petitioner,**

**v.**

**COMMONWEALTH of Pennsylvania, UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 20, 1988.

Decided May 19, 1989.

William M. Radcliffe, Carl M. Biddle, Coldren, Adams, DeHaas & Radcliffe, Uniontown, for petitioner.

No appearance for respondent.

Ewing D. Newcomer, Newcomer & Newcomer, Uniontown, for Jamie Yarris Filburn.

Before DOYLE and McGINLEY, JJ., and KALISH, Senior Judge.

DOYLE, Judge.

Uniontown Newspapers, Inc. (Uniontown) appeals an order of the Unemployment Compensation Board of Review

(Board) which reversed a referee's decision to deny benefits to Jamie Yarris Filburn (Claimant) pursuant to Section 402(b) of the Unemployment Compensation Law (Act).[1]  We affirm.

Claimant worked as a secretary for seven years for Uniontown when she voluntarily terminated her job with Employer.  Claimant testified that from 1980 to April 1987 she had been receiving ill treatment and verbal abuse from one of her supervisors, Ms. Gloria Ryland.  Claimant alleged that Ryland subjected her to repeated abusive conduct both in front of other employees and in Ryland's office.  Claimant testified that "several times [Ryland] would throw things at me instead of handing things to me ... and instead of correcting my mistakes and telling me about my mistakes she would scream at me and point her finger at me about the mistake" (N.T. page 8).

Between May 1980 and April 1987, Claimant made more than a dozen complaints to her manager about Ryland's abusive treatment.  In April 1987, pursuant to several discussions between Claimant and the advertising manager, Claimant was transferred from Ryland's direct supervision and was put under the supervision of the Advertising Manager to help alleviate the problem.  Although Claimant was no longer under Ryland's direct supervision, nevertheless the nature of Claimant's work brought her and Ryland into daily contact.  Ryland continued to yell and throw things in front of Claimant and Claimant repeatedly discussed Ryland's behavior at her weekly meetings with the Advertising Manager.  On June 23, 1987, while Claimant's manager was away on vacation, Ryland subjected Claimant to twenty minutes of abuse in front of other employees and further abuse in Ryland's office.  Claimant, extremely distraught, brought the incident to the attention of the Marketing Director and indicated to him her desire to resign

1.  Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(b).

because of the intolerable treatment by Ryland. The Marketing Director tried to dissuade Claimant from quitting, and he assured her that he would monitor and try to resolve the situation between Ryland and Claimant. Since the Marketing Director would not guarantee that there would be an end to the abuse, Claimant resigned the next morning.

The referee decided that Claimant failed to meet her burden of showing cause of a necessitous and compelling nature for voluntarily terminating her employment as required by Section 402(b), and that she, therefore, was ineligible to receive unemployment compensation benefits. Section 402(b) provides:

An employe shall be ineligible for compensation for any week—

. . . .

(b) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . .

43 P.S. § 802(b). Claimant appealed the referee's decision to the Board which reversed the referee. Uniontown now appeals to our Court.

Uniontown argues on appeal that the evidence on the record fails to establish that Claimant's voluntary termination was for cause of a necessitous and compelling nature. It further argues that the Board did not discuss in its decision material findings of fact by the referee which were based on uncontradicted testimony.

Our scope of review in an unemployment case is limited to determining whether constitutional rights were violated, an error of law was committed or the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Kirkwood v. Unemployment Compensation Board of Review,* 106 Pa.Commonwealth Ct. 92, 525 A.2d 841 (1987).

The issues before this Court are (1) whether the Board failed to consider material findings of fact when it reversed the referee's decision and (2) whether there is cause of

necessitous and compelling nature for Claimant's voluntary quit.

■ Uniontown argues that the Board ignored certain findings by the referee that were based on uncontradicted testimony. Uniontown cites *Treon v. Unemployment Compensation Board of Review*, 499 Pa. 455, 453 A.2d 960 (1982), for the proposition that the Board may not ignore findings of fact by the referee when they are based on uncontradicted testimony unless it gives reasons for doing so. Uniontown asserts specifically that the Board disregarded the following referee's findings:

6. On June 19, 1987, the Claimant had a meeting with Machan Pavelek [Retail Advertising Manager] *at which time she expressed dissatisfaction with working conditions and certain job responsibilities.*

9. The Claimant's supervisor informed the Claimant that he would evaluate the situation and attempt to resolve the problem when time permitted.

. . . .

19. The Claimant demanded a guarantee from Mr. Renne [Marketing Director] that Gloria Ryland would not engage in similar conduct in the future.

. . . .

20. Mr. Renne could not "guarantee" that such behavior on Gloria Ryland's part would not happen again, and at that time, the claimant voluntarily terminated her employment.

(Emphasis added.)

As to referee's finding No. 6, the Board included it within its finding No. 6, "Ms. Ryland's abusive conduct continued, and Claimant continued to bring it to the attention of the Advertising Manager at their weekly meetings." The second part of the referee's finding No. 6, "at which time she expressed dissatisfaction with working conditions and certain job responsibilities," was not incorporated by the Board. It is undisputed and uncontradicted here and, accordingly, we reinstate it. *Treon.*

Referee's finding No. 9 is included in the Board's finding No. 10 which reads, "The Marketing Director persuaded Claimant to delay her decision until he could discuss the situation with Ms. Ryland." Referee findings Nos. 19 and 20 (Claimant demanded a guarantee that Ryland's conduct not continue and that the Marketing Director would not give such a guarantee) are uncontradicted and the Board gave no reason for disregarding these findings. Thus, we also reinstate those findings. *Treon.*

Having determined the issue as to the findings, we must now consider, based upon all the findings, including the reinstated ones, whether the Claimant had cause of a necessitous and compelling nature for her voluntary termination of employment.

A claimant whose unemployment is due to voluntary termination bears the burden of proving that such termination was for a necessitous and compelling reason; that is, circumstances which placed a real and substantial pressure on the employee to terminate employment and which would cause a reasonable person under like circumstances to do the same. *Breslow v. Unemployment Compensation Board of Review,* 102 Pa.Commonwealth Ct. 187, 517 A.2d 590 (1986). Where an employee voluntarily terminates employment due to a personality conflict with another employee which conflict *renders working conditions intolerable,* cause of a necessitous and compelling nature for terminating employment has been held to exist. *Karloff v. Unemployment Compensation Board of Review,* 109 Pa. Commonwealth Ct. 498, 531 A.2d 582 (1987). Mere dissatisfaction with working conditions or resentment of supervisory criticism or a mere personality conflict absent an intolerable work atmosphere, however, does not constitute necessitous and compelling reasons for a voluntary quit. *Magazzeni v. Unemployment Compensation Board of Review,* 75 Pa.Commonwealth Ct. 635, 462 A.2d 961 (1983).

Uniontown asserts that Claimant was already dissatisfied with her job responsibilities and that she did not make

a reasonable attempt to resolve the situation. Claimant, however, produced evidence that on numerous occasions she was subjected to abusive treatment by Ryland and made more than a dozen complaints against her. Even after Claimant was taken from Ryland's direct supervision, the ill treatment continued. Past assurances by her managers that Ryland's behavior would be monitored failed to result in more favorable treatment by Ryland. This evidence is sufficient for the Board to have concluded that Claimant received abusive treatment which rendered Claimant's working conditions intolerable, and that her quit was not premised upon mere dissatisfaction with her working conditions or a mere personality conflict.

Having determined that there is substantial evidence to support the Board's determination that Claimant has met her burden of showing cause of a necessitous and compelling nature for her voluntary termination of employment, we affirm.

## ORDER

NOW, May 19, 1989, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.