IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pascual Calizaya,                :
             Petitioner       :
               :
          v.             :    No. 2640 C.D. 2015
               :    Submitted: May 6, 2016
Unemployment Compensation    :
Board of Review,           :
             Respondent    :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
             HONORABLE PATRICIA A. McCULLOUGH, Judge
             HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT             FILED: July 14, 2016

Pascual Calizaya (Claimant), *pro se*, petitions for review of an adjudication of the Unemployment Compensation Board of Review (Board) denying his claim for benefits under the Unemployment Compensation Law (Law).[1] In doing so, the Board affirmed the Referee's determination that Claimant was ineligible for benefits under Section 402(b) of the Law, 43 P.S. §802(b),[2] because he voluntarily terminated his employment without cause of a necessitous and compelling nature. Finding no error by the Board, we affirm.

Claimant was employed by Aviation Personnel, LLC (Employer), a temporary staffing company. Employer placed Claimant to work as a mechanic at

_____

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§751–918.10.

[2] Section 402(b) states, in relevant part, that "[a]n employe shall be ineligible for compensation for any week ... [i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature." 43 P.S. §802(b).

Sikorsky Global Helicopters (Sikorsky) from October 28, 2013, through February 20, 2015, when his employment there ended. On April 12, 2015, Claimant applied for unemployment compensation benefits, asserting his separation was due to a lack of work. The Erie UC Service Center approved his claim.

On April 28, 2015, Employer sent the Service Center a "Request for Relief from Charges" stating that Claimant had quit his job because he did not report to work, as required by Employer's written policy, and was not in a layoff status at the time of his separation. On that same day, the Service Center advised Claimant in writing that the benefits he was receiving would be terminated if he had voluntarily quit work without good cause. The Service Center requested that Claimant complete and return a questionnaire no later than May 6, 2015. As of May 7, 2015, the Service Center had not received any response from Claimant.

On May 7, 2015, the Service Center issued a Notice of Determination making the following findings of fact:

1. The Claimant was last employed on 2/20/2015.

2. The Claimant voluntarily quit because of unknown reasons.

3. There was insufficient information provided to indicate whether the Claimant had a necessitous and compelling reason for voluntarily leaving the job.

4. The Employer provided information indicating that the Claimant quit because he failed to report back to the Employer for another assignment.

C.R. Item No. 6, at 1 (C.R. ___). The Service Center determined that Claimant was ineligible for benefits under Section 402(b) of the Law, 43 P.S. §802(b), beginning with waiting week ending April 18, 2015. Further, the Service Center

2

notified Claimant that he had received a total of $428 in unemployment compensation benefits to which he was not entitled.

Claimant appealed the Service Center's determination that he was ineligible for unemployment compensation benefits. The Board mailed a notice of hearing to the parties scheduling a Referee hearing for June 9, 2015, at 11:00 a.m. Claimant's telephone number was identified as "000-000-0000." C.R. 10, at 1. Employer's telephone number was also identified as "000-000-0000." *Id.* The hearing notice stated that to participate by telephone each party should "contact the Referee Office listed above BEFORE THE HEARING if your telephone number listed on this notice is INCORRECT or if no telephone number appears on this notice." *Id.* at 2 (emphasis in original). Employer contacted the Board and provided its telephone number prior to the June 9, 2015, hearing.

On the day of the hearing, the Referee noted on the record that "Claimant did not contact the Referee Office so I will not be calling the Claimant and I'm going to presume that he chose not to participate since he did not call to provide a phone number." Notes of Testimony (N.T.), 6/9/2015, at 1. The Referee was also unable to contact Employer because his calls went straight to voicemail. The Referee conducted the hearing without the participation of either Claimant or Employer. Later that day, Claimant called the Board and left a voicemail message stating that he was still waiting for the Referee to call for the hearing  The next day, Claimant called and emailed the Referee's office stating that he never received the phone call for the hearing. C.R. 13, at 4.

On June 11, 2015, the Referee issued a decision making the following findings of fact:

> 1. The claimant was employed full-time for [Employer] from October 28, 2013 through February 20, 2015.

3

2. The [claimant] voluntarily quit.

3. The claimant filed for and received unemployment compensation benefits for the claim week ending April 25, 2015 in the amount of $428.

Referee's Decision, 6/11/2015, at 1; C.R. 15, at 1.  Based on these findings, the Referee held that Claimant was ineligible for benefits under Section 402(b) of the Law, 43 P.S. §802(b).  Additionally, the Referee held that the benefits Claimant collected to which he was not entitled would be recovered under the non-fault provision of Section 804(b) of the Law, 43 P.S. §874(b),[3] since there was no evidence of fraud.

Claimant appealed the Referee's decision and requested a remand for the following reasons:

> I called [] the phone number in my letter, (717) 783-5693[,] and I was told [to] just wait [until] that day and time.  I was waiting on 06/09/2015 at 11:00 am eastern time.  I never received any phone call, later that day I called same number (717) 783-5693, and I was told that number was wrong in the letter it says Lancaster office (717) 783-5693 but this number was from Harrisburg, PA, so I was transferred to (717) 214-4300, and I was told [t]hat I [was] supposed to give them my number, I said my cell phone number is [in] my file [and was told] even if we have your number you have to give [it to] us again.  Later that day[,] appeal day 06/09/2015[,] I left a message asking to be considered again … I talk[ed] with my previous employer Aviation Personnel [Employer] and I was told that case is going to be fixed since they [made] a mistake[.]  I did not voluntarily quit, I did not [v]oluntarily [leave] work.  After me there are many people laid off from Sikorsky Global Helicopters [,] and I was never offered to go back to work.

---

[3] Claimant did not challenge the Referee's determination of a non-fault overpayment and it is not at issue on appeal.

C.R. 16, at 2. On August 14, 2015, the Board remanded the case to the Referee to hold a hearing on the question of whether Claimant's and Employer's nonappearance at the previous hearing was justified. The Board allowed the parties to provide evidence on the merits, but advised them it would not be considered if they lacked proper cause for their nonappearance at the first hearing.

At the remand hearing, Claimant appeared *pro se*, and Employer participated by telephone. The Referee asked Claimant why he did not participate in the initial hearing, and he responded that he "thought that everything was ready" that day. N.T., 9/17/2015, at 7. The Referee explained that the Notice of Hearing mailed to Claimant had zeros where his telephone number should have been listed and asked Claimant whether he was aware that he was expected to provide his telephone number to the Referee's Office prior to the June 9th hearing. *Id*. Claimant testified, "If that was in the paper again I assumed that everything was set up and that (inaudible)." *Id.*

Claimant also testified about his separation from employment, stating that he did not return to work after February 20, 2015, because Sikorsky took his badge and "took everything" from him. N.T., 9/17/2015, at 6. Claimant conceded that he did not notify Employer in writing, in person or by facsimile that his job with Sikorsky had ended. This notice was required by Claimant's Acknowledgment of Assignment with Employer. *Id.* at 6-7, 12. When asked whether he was discharged, quit, or if there was another reason for his separation, Claimant stated, "[t]hat's one of the things that [Employer] never told me why I was (inaudible)." *Id.* at 5. He called Employer several times following his separation from Sikorsky, but "nobody could tell [him] what happened and why

5

[he] was separated from Sikorsky." *Id.* at 6. Employer agreed that it did not know why Claimant's employment at Sikorsky had been terminated. *Id.* at 11.

Following the hearing, the Board issued an adjudication finding, in relevant part, as follows:

> At the remand hearing, the claimant did not assert that the hearing notice was incorrect or misleading, only that he misread it and thought that all the information required for a telephone hearing was available, including his telephone number. The Board concludes that the claimant was negligent by failing to provide his telephone number to the Referee in advance of the scheduled hearing, and, thus, he did not justify his failure to appear at the referee hearing. Accordingly, the Board did not consider the claimant's testimony on the merits.

Board Adjudication, 11/13/2015, at 1. The Board, "after giving consideration to the entire record, including the testimony submitted at the Remand hearing regarding the claimant's nonappearance at the prior hearing," concluded that the Referee's decision on the merits was proper. *Id.* Accordingly, the Board adopted the Referee's findings and conclusions and affirmed the Referee's order. Claimant now petitions for this Court's review.

On appeal,[4] Claimant argues that because he had good cause for not appearing at the initial hearing, the Board erred in failing to consider his testimony at the remand hearing regarding his separation from employment and in concluding

---

[4] Our review in an unemployment appeal is to determine whether constitutional rights were violated, an error of law was committed or the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Uniontown Newspapers, Inc. v. Unemployment Compensation Board of Review*, 558 A.2d 627, 628 (Pa. Cmwlth. 1989).

that he voluntarily quit his job. The Board counters that Claimant's only argument on appeal is that he did not quit.

Pennsylvania Rule of Appellate Procedure 1513(d) states, in relevant part: "An appellate jurisdiction petition for review shall contain ... (4) reference to the order or other determination sought to be reviewed, including the date the order or other determination was entered; [and] (5) a general statement of the objections to the order or other determination...." PA. R.A.P. 1513(d). In his petition for review, Claimant refers to the Board's November 13, 2015, order and states that it should be reversed

> [b]ecause the only thing that [it] mentions is why the employee and employer were not [at the] previous hearing, again referee does not mention the main reason why I was dismiss[ed] from my previous job [at] Sikorsky … *What kind of excuse is the telephone number, my telephone number is only one and it is in my file since I started my application for unemployment*…. Referee doesn't mention any kind of testification of either parties. Referee doesn't mention at all what happened in the hearing…. Again I did not voluntarily quit, I did not voluntarily [leave] work…. And I was never offered [a chance to] go back to work….

Petition for Review, at 2 (emphasis added). Claimant's petition for review articulates issues related to the Board's failure to consider his testimony at the remand hearing and its determination that he voluntarily quit his job. Further, Claimant addressed both issues in his brief, albeit in few words.[5] Accordingly, we

---

[5] In his brief, Claimant states, "I'm not [in agreement] with referee's decision[,] [b]ecause the only thing that he mention[s] is why the employee and employer were not [at the] previous hearing…. In previous hearing we missed employee and employer…. Referee doesn't mention any kind of testification of either parties. Referee doesn't mention at all what happened in the hearing…." Claimant's Brief at 8.

are satisfied that Claimant preserved both issues for review by this Court and proceed to the merits.

Claimant first argues that the Board erred in failing to consider his testimony at the remand hearing. In other words, Claimant challenges the Board's finding that he lacked proper cause for not attending the Referee's first hearing. The Board's regulation, 34 Pa. Code §101.24(a), provides as follows:

> If a party who did not attend a scheduled hearing gives written notice … and it is determined by the tribunal that his failure to attend the hearing was for reasons which constitute "proper cause," the case shall be reopened. Requests for reopening, whether made to the referee or Board, shall be in writing; shall give the reasons believed to constitute "proper cause" for not appearing; and they shall be delivered or mailed…."

34 Pa. Code §101.24(a). Claimant contends that although the hearing notice showed zeros for his telephone number, he knew the Service Center had his phone number. He had provided it in his initial application for unemployment compensation.[6] C.R. 1, at 1. Thus, Claimant argues, he had "proper cause" for his failure to appear at the Referee's hearing.

We are confounded by the Board's issuance of a hearing notice with zeroes, instead of Claimant's telephone number, which it had. Even more puzzling, the "Notice of Board Hearing – Remand," dated September 3, 2015, is again devoid of telephone numbers, despite the Board's written and verbal communications with Claimant, wherein he provided his telephone number to the Board. *See* C.R. 13, 14, 16, and 19. The use of repeated "000s" may be construed

---

[6] Having reviewed the record, we note that on Claimant's petition for appeal of the Service Center's Notice of Determination, he provided his telephone number on the line "Claimant's Telephone No." C.R. 7, at 2.

8

by a reasonable reader to represent a redaction to protect Claimant's privacy. In any case, we do not need to decide whether Claimant lacked good cause for missing the Referee's initial hearing because his appeal fails on the merits.

Claimant argues that the Board erred in concluding that he voluntarily quit his job with Sikorsky without necessitous and compelling cause. However, what was determined in this case was that Claimant quit his job with Employer, not with Sikorsky. Employer explained that once his employment with Sikorsky ended, Claimant was required to contact Employer, in writing or in person, for a new assignment, and he did not do so. As explained by the Service Center:

> The Employer provided information indicating that the Claimant [voluntarily] quit because he failed to report back to the Employer for another assignment.

C.R. 6, Finding of Fact No. 4. Pointedly, Employer's policy stated that an employee must

> report back … either by mail, fax or in person. A telephone call *to your recruiter is not sufficient for reporting for possible assignment*, if you are unable to report in person, written notification must be received by mail or fax within 2 business days.

C.R. 2, at 2 (emphasis omitted) (emphasis added). It further cautions:

> If you fail to report for a possible assignment, or subsequently fail to maintain contact with us, as described in this policy, you understand that your eligibility for unemployment benefits may be jeopardized. [Employer] will consider this failure to report a voluntary termination of employment and all employment benefits will terminate at that time, although you may still be eligible for rehire at any time.

*Id*.

9

At the Referee hearing, Claimant was asked whether he reported his separation from Sikorsky to Employer in person, by fax or by mail, and he conceded that he did not do this. N.T., 9/17/15, at 6-7. Nor did he advise Employer he was available for another assignment. *Id.* at 7. He telephoned Employer's human resources department, but that was "not sufficient." C.R. 2, at 2. In sum, Claimant conceded that he voluntarily quit his employment pursuant to Employer's policy.

In a voluntary quit case, claimant bears the burden of proving that he resigned for a necessitous and compelling reason, *i.e.*, circumstances which placed a real and substantial pressure on the employee to terminate employment and which would cause a reasonable person under like circumstances to do the same. *Uniontown Newspapers,* 558 A.2d at 629. What constitutes a necessitous and compelling cause is a question of law reviewable by this Court. *Craighead-Jenkins v. Unemployment Compensation Board of Review*, 796 A.2d 1031, 1033 (Pa. Cmwlth. 2002). The Board is the ultimate fact finder and its findings are conclusive on appeal as long as they are supported by substantial evidence. *Middletown Township v. Unemployment Compensation Board of Review*, 40 A.3d 217, 223 (Pa. Cmwlth. 2012). "Substantial evidence is defined as relevant evidence upon which a reasonable mind could base a conclusion." *Id.*

Here, the only evidence in the certified record is that Claimant voluntarily quit, and Claimant offered no evidence of a necessitous and compelling reason for quitting his job. Because it was Claimant's burden to show a necessitous and compelling reason to quit, and he did not do so, the Board correctly determined that Claimant was ineligible for unemployment compensation benefits under Section 402(b) of the Law, 43 P.S. §802(b).

10

Claimant contends that he did not voluntarily quit his job and in support has attached to his brief statements from co-workers attesting that he did not voluntarily separate from Sikorsky. As explained above, the issue is whether Claimant voluntarily quit employment with Employer, not whether he voluntarily left employment with Sikorsky. Thus, this evidence is irrelevant.

In any event, this Court may not consider evidence not of record. *See Rothstein v. Unemployment Compensation Board of Review*, 114 A.3d 6, 10 (Pa. Cmwlth. 2015) (where evidence supporting a party's position is not offered before the referee, "nor otherwise made part of the certified record," the evidence cannot be considered on appeal); *Pennsylvania Turnpike Commission v. Unemployment Compensation Board of Review*, 991 A.2d 971, 974 (Pa. Cmwlth. 2010) ("This Court may not consider any evidence that is not part of the certified record on appeal."). This Court's review is limited to the evidence in the certified record, which established that Claimant voluntarily quit his job without a necessitous and compelling reason.

Accordingly, for the reasons stated above, we affirm the decision of the Board.

_____
MARY HANNAH LEAVITT, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pascual Calizaya,                          :
                    Petitioner              :
                                            :
          v.                                :     No. 2640 C.D. 2015
                                            :
Unemployment Compensation                   :
Board of Review,                            :
                    Respondent              :

# **O R D E R**

AND NOW this 14th day of July, 2016, the order of the Unemployment Compensation Board of Review dated November 13, 2015, in the above-captioned matter is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge