IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John R. Whitehead,              :
             Petitioner     :
                            :
             v.             :    No. 297 C.D. 2016
                            :    Submitted: August 12, 2016
Unemployment Compensation       :
Board of Review,                :
             Respondent     :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
             HONORABLE MICHAEL M. WOJCIK, Judge
             HONORABLE JAMES GARDNER COLINS, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT           FILED: October 7, 2016

      John Whitehead (Claimant), *pro se*, petitions for review of an adjudication of the Unemployment Compensation Board of Review (Board), denying him unemployment compensation for two weeks because of his delay in filing his claim. Claimant was not aware that there was a biweekly filing requirement; however, this requirement was set forth in the Unemployment Compensation Handbook (Handbook). The Board agreed with the Referee that Claimant's failure to read the Handbook did not constitute a valid ground to excuse Claimant's delay. Discerning no error by the Board, we affirm.

      On or about October 4, 2015, Claimant applied for unemployment compensation benefits following his separation from Kemper Equipment Company (Employer). According to the claim record, a copy of the Handbook was mailed to Claimant on October 6, 2015. Certified Record (C.R.) Item 1 at 2. Claimant did not file a claim for benefits for the weeks ending October 10, 2015, or October 17, 2015.

On November 6, 2015, Claimant contacted the Unemployment Compensation Service Center (Service Center) to advise that he "never got a [Personal Identification Number] PIN []." C.R. Item 2 at 2. He acknowledged receiving the Handbook but did not read it in its entirety. Claimant requested that he be allowed to submit a backdated claim for the weeks ending October 10, 2015, and October 17, 2015. *Id.* at 1. On November 9, 2015, the Service Center issued a Notice of Determination denying Claimant's request. C.R. Item 4 at 1. The Service Center found that:

\* \* \*

2.     [] Claimant's reason for requesting backdating was he did not get his [PIN].

3.     [] Claimant did not contact the Service Center until 11/6/15 to request backdating or notify us of not receiving a [PIN].

*Id.* The Service Center explained that Claimant's reason for backdating did not meet the requirements for such a request. Claimant appealed, and a Referee scheduled a hearing for December 9, 2015.

At the hearing, Claimant testified that he did not know that he had to file a claim every two weeks. The Referee questioned Claimant about the Handbook:

[Referee:]     … After you filed your Application for Benefits, did you receive a [] Handbook?

[Claimant:]  I did.

[Referee:]    Did you read that [H]andbook?

[Claimant:]  I read some of it, but I didn't – I'll – I told the lady, I said, I'll be honest with you. I didn't read the whole thing. I read the part that told me to

2

register, and then, I think, it mentioned about registering within 30 days for Gateway. But, that's what I thought – that's the two things I thought I had to do w[ere] the only two things.

[Referee:] You didn't – you don't recall reading the portion of the [H]andbook that indicated that you had to file claims bi-weekly?

[Claimant:] I do not recall reading that.

[Referee:] Is there a reason why you didn't read the whole [H]andbook?

[Claimant:] Well, I didn't do well in school either. I guess I don't follow directions well. I didn't take the time to read the whole thing.

Notes of Testimony, 12/9/2015, at 4; C.R. Item 8 at 5.

On December 15, 2015, the Referee issued a decision/order making the following findings of fact:

1. [C]laimant filed an Application for Benefits effective October 4, 2015.

2. [C]laimant received a[] Handbook containing the requirements to file biweekly claims.

3. [C]laimant did not read the entire [H]andbook.

4. [C]laimant did not attempt to file a biweekly claim until November 6, 2015.

5. On November 6, 2015, [C]laimant[] requested backdating of claims for the claim weeks ending October 10, 2015 and October 17, 2015.

C.R. Item 9 at 1. Section 401(c) of the Unemployment Compensation Law[1] requires a claimant to make "a claim for compensation in the proper manner and on the form prescribed by the [Department of Labor and Industry]." 43 P.S. §801(c). Under the Department's regulation, "[c]laims for compensation shall be filed biweekly …." 34 Pa. Code §65.43(a).[2] The Referee concluded that Claimant did not file his benefits claim within the required time, which rendered him ineligible for compensation. The Referee also concluded that Claimant did not satisfy any of the exceptions allowed under the regulation for an untimely submission of a claim. 34 Pa. Code §65.43a.[3]

Claimant appealed the Referee's decision, stating, again, he did not know that he had to file claims biweekly and that he did not receive a PIN to file his claim until after November 6, 2015. C.R. Item 10 at 3. After reviewing the entire record, the Board concluded:

> [C]laimant's failure to file his claims in a timely manner for the weeks at issue w[as] due to the fact that he was unaware of the

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§751-918.10.

[2] Section 65.43(a) provides:

    (a)    Claims for compensation shall be filed biweekly in accordance with this subsection.

        (1)    The Department will establish a schedule of consecutive 2-week periods for each claimant, and may revise a claimant's schedule as necessary.

        (2)    At the end of each 2-week period for a claimant, the claimant may file claims for compensations for both of the weeks or a claim for compensation for one of the weeks. The claims or claim shall be filed no later than the last day of the week immediately following the 2-week period.

34 Pa. Code §65.43(a)(1)-(2).

[3] The text of the regulation is set forth below.

4

> bi-weekly filing requirement, as he failed to read the relevant provisions contained in the [] Handbook. Under these circumstances, [C]laimant is not entitled to backdating under Regulation 65.43a.

Board's Decision, 2/24/2016, at 1; C.R. Item 11 at 1. Accordingly, the Board adopted the Referee's findings of fact and conclusions of law and affirmed the Referee's order. Claimant now petitions for this Court's review.

On appeal,[4] Claimant contends that the Board erred in denying his request to backdate his application for benefits for the weeks ending October 10, 2015, and October 17, 2015. The Board responds that backdating is allowed only in limited situations. Claimant's reason for not filing within the correct period does not fit within any of the permitted reasons for backdating. Therefore, it did not err in affirming the Referee's decision. We agree.

The Department of Labor and Industry (the Department) has promulgated regulations governing the procedures for unemployment benefits applications. The general rule is that "[f]or a week in which a claimant was employed less than his full time work, the claimant shall file a claim for compensation not later than the last day of the second week after the employer paid wages for that week." 34 Pa. Code §65.43a(a). However, the regulation also allows for backdating of applications in certain circumstances. The regulation states as follows:

---

[4] Our review in an unemployment appeal is to determine whether constitutional rights were violated, an error of law was committed or the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Uniontown Newspapers, Inc. v. Unemployment Compensation Board of Review*, 558 A.2d 627, 628 (Pa. Cmwlth. 1989).

The Department will deem an application for benefits to be filed prior to the week in which it actually is filed if the claimant did not file the application earlier for a reason listed in subsection (e). The Department will deem the application to be filed during the week that precedes the week of actual filing by the number of weeks indicated in subsection (e).

34 Pa. Code §65.43a(c). Subsection (e) provides as follows:

| Reason [for Late Filing] | Number of [W]eeks [that can be Backdated] |
|---|---|
| The Department suspends accepting filings or is unable to handle all filings, due to an excessive volume of telephone calls or other reasons. | 6 |
| The claimant attempts to file by telephone, Internet or fax transmission in accordance with § 65.41 (relating to filing methods), the method used to attempt to file is unavailable or malfunctions, and the attempt to file occurs on the last day that the claimant could timely file by the method used. | 2 |
| A UC Office fails to accept a filing as a result of error or mistake by the Department. | 52 |
| Sickness or death of a member of the claimant's immediate family or an act of God. | 2 |
| Other, if the claimant makes all reasonable and good faith efforts to file timely but is unable to do so through no fault of the claimant. | 2 |

34 Pa. Code §65.43a(e).

Claimant asserts that his claim should be backdated because he was unaware that he had to file his claims biweekly, and he did not receive a PIN to access the unemployment compensation services. Although Claimant does not

6

invoke a specific exception in subsection (e), the only possible exception is where "the claimant makes all reasonable and good faith efforts to file timely but is unable to do so through no fault" of his own. 34 Pa. Code §65.43a(e).

We agree with the Board that Claimant did not qualify for this exception. Claimant received the Handbook explaining the need to file biweekly. Because Claimant did not read the entire Handbook, he did not attempt to file a biweekly claim until November 6, 2015. Although Claimant may not have received a PIN, that is not the only or exclusive means with which to file a claim for benefits. Further, Claimant offered no explanation why he waited until November 6, 2015, to contact the Service Center to request a PIN. We cannot conclude on this record that Claimant made all reasonable and good faith efforts to timely file his biweekly claims.

Accordingly, for the reasons stated above, we affirm the decision of the Board.

_____
MARY HANNAH LEAVITT, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John R. Whitehead,          :
           Petitioner     :
                           :
          v.             :    No. 297 C.D. 2016
                           :
Unemployment Compensation   :
Board of Review,          :
           Respondent   :

# **O R D E R**

AND NOW, this 7th day of October, 2016, the order of the Unemployment Compensation Board of Review dated February 24, 2016, in the above-captioned matter is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge