IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Richard S. Thiessen, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1080 C.D. 2017 |
| | : | Submitted: December 29, 2017 |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| Respondent | : | |

BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
                      HONORABLE P. KEVIN BROBSON, Judge
                      HONORABLE DAN PELLEGRINI, Senior Judge

OPINION BY
SENIOR JUDGE PELLEGRINI                         FILED: January 18, 2018

Richard S. Thiessen (Claimant) petitions for review of the Unemployment Compensation Board of Review's (Board) decision affirming the Referee's determination that Claimant is ineligible for unemployment compensation (UC) benefits under Section 402(b) of the Unemployment Compensation Law (Law)[1] because he voluntarily left his employment with J&J Staffing Resources (Employer) without a necessitous and compelling reason. For the following reasons, we affirm.

_____

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b).

**I.**

In October 2015, Claimant began his employment with Employer, a temporary staffing agency. At the beginning of Claimant's employment, he signed an agreement that required him to contact Employer at the end of any assignment and every day thereafter that he was able to work. That agreement provided:

> According to the policies of [Employer], an employee must, upon completion of an assignment, contact their [Employer] Service Coordinator and request placement in a new assignment. If such contact is not made within 48 hours after the end of an assignment and every day you are able to work thereafter, [Employer] will consider you to have voluntarily quit employment, you will be deemed unavailable for work and not actively seeking work. Failure to contact [Employer] may affect your eligibility for unemployment benefits.

(Record (R.) Item No. 3, Employer Separation Information.)

Claimant was assigned to perform work for Veeva Systems (Veeva) as a full-time data steward. On August 26, 2016, Employer contacted Claimant and informed him that his assignment to Veeva had ended because it no longer needed his services. When notifying him, Employer did not offer Claimant a new assignment. In September 2016, a friend of Claimant's retained him as an independent contractor to perform CPA services. This work ended in November 2016.

2

In December 2016, Claimant applied for UC benefits, naming his work with Employer as his most recent employment. Upon applying for benefits, Claimant was asked on the application questionnaire:

> Following the completion of an assignment, did the temporary employment agency for whom [sic] you worked have an established policy that required you to contact the agency for a new assignment?

(R. Item No. 2, Claimant Separation Information.) Claimant responded "Yes" to this question. Claimant provided that the policy was to "check daily [illegible] website for posted jobs & respond [to] any relevant positions." *Id.* The questionnaire also asked: "Did you follow the agency's policy following the completion of your last assignment?" *Id.* To this question, Claimant also responded "Yes." *Id.*

The Department of Labor and Industry (Department) found Claimant not ineligible for benefits under Section 402(e)[2] of the Law because Employer did not prove that Claimant's separation was due to any willful misconduct on his part. Employer appealed the decision, citing as its reason that it wished to present

---

[2] Section 402(e) of the Law provides that a claimant is ineligible for compensation for any week:

> In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work, irrespective of whether or not such work is "employment" as defined in this act. . . .

43 P.S. § 802(e).

additional testimony and evidence at a hearing. Claimant objected to this appeal on the basis that Employer did not provide any concrete reason for the appeal. The Referee overruled the objection, stating that Employer had a right to a hearing, regardless of its reasons.

At the hearing, Employer's Office Manager, Kristie Roth (Roth), testified that the policy requires an employee to contact Employer within 48 hours of the completion of an assignment and every day thereafter because Employer needs to keep track of who is actively looking for work and who is not. Roth also testified that if Claimant had maintained contact with Employer, work would have been available for him. She admitted, however, that she did not have available work on August 26, 2016, when she contacted Claimant informing him of the completion of his assignment at Veeva.

Claimant testified that he was aware of the policy to maintain contact when he signed the agreement, but did not maintain contact with Employer because he had forgotten about the policy and Employer did not mention it when it informed him that his assignment with Veeva was over.

The Referee found that because Claimant failed to maintain contact with Employer for future assignments as provided by Employer's policy, he was deemed to have voluntarily separated from employment with Employer. Moreover, because Claimant did not provide any reasonable explanation as to why he did not remain in contact for assignments, the Referee found that he failed to

4

prove this voluntary separation was for a necessitous and compelling reason, making him ineligible for benefits under Section 402(b) of the Law.

Claimant appealed to the Board, contending that he was unemployed because Veeva no longer needed his services and that this event did not constitute a voluntary severance of employment. The Board disagreed and affirmed the Referee's decision. This appeal followed.[3]

## II.

Claimant contends that the Referee should never have granted a hearing because Employer failed to provide a reason for the appeal in its petition. Claimant argues that by hearing the case, the Referee and the Board displayed bias in considering Employer's appeal when it did not set forth a specific reason to challenge his eligibility for benefits.

Employer's appeal stated:

> On behalf of the employer, J&J Staffing, we respectfully appeal the decision on the Notice of Determination, mailed on . . . that indicated the claimant is eligible for unemployment benefits. We request that a hearing be scheduled to provide the employer with an opportunity to present additional testimony and evidence in support of

---

[3] In an unemployment compensation appeal, our review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the necessary findings of fact are supported by substantial evidence. *Key v. Unemployment Compensation Board of Review*, 687 A.2d 409 (Pa. Cmwlth. 1996).

5

their appeal. Please notify our office of the date and time set for this hearing.

(R. Item No. 5, Employer's Petition for Appeal from Determination w/Attachment, dated 1/12/2017.)

Claimant objected to the appeal, claiming Employer did not set forth the reasons for the appeal. The Referee overruled Claimant's objection, stating that the reason for the appeal "could merely just be they [Employer] [sic] disagree," which was sufficient at that level of the proceedings. (R. Item No. 11, Referee's Hearing: Transcript of Testimony, dated 2/8/2017, p. 3.) Claimant argues that the Referee and Board lacked impartiality by allowing Employer's appeal.

Citing to *Black Lick Trucking v. Unemployment Compensation Board of Review*, 667 A.2d 454 (Pa. Cmwlth. 1995), the Board contends that once the Department issued a determination recognizing that there was an issue as to whether Claimant quit his job or was terminated, those issues could be considered in the original appeal whether they were specifically raised or not.

In *Black Lick*, the employer made a similar argument contending that the claimants' appeals should be dismissed because they did not specifically raise any issue as to why the denial of benefits was improper. In rejecting that argument, we relied on 34 Pa. Code § 101.87 which provides:

> When an appeal is taken from a decision of the Department, the Department shall be deemed to have ruled upon all matters and questions pertaining to the claim. In hearing the appeal the tribunal shall consider

6

> the issues expressly ruled upon in the decision from which the appeal was filed. However, any issue in the case may, with the approval of the parties, be heard. . . .

We held that under this Regulation, whatever the Department addressed was before the Referee who should likewise address the issues involved in the determination, regardless of whether a party specifically raised the issue in his appeal. *Black Lick Trucking, Inc.*, 667 A.2d at 457-458 (citing *Jordan v. Unemployment Compensation Board of Review*, 547 A.2d 811 (Pa. Cmwlth. 1988)).

Likewise, the fact that Employer raised no specific issue in its appeal is immaterial. The Department addressed whether Claimant quit his employment or was discharged and, therefore, the Referee was charged with addressing whether Claimant quit his employment or was discharged, regardless of whether Employer raised this issue in its appeal.[4]

## III.

As to the merits, Claimant again contends that he cannot be deemed ineligible for benefits under Section 402(b) of the Law because he did not voluntarily quit. Claimant bases his argument on the assumption that he was unemployed because Veeva no longer needed his services, not because of his

---

[4] We also note that though Claimant raised this issue before the Referee, he did not raise this issue in his appeal to the Board. An issue not raised before any administrative tribunal is considered to be waived. *Wing v. Unemployment Compensation Board of Review*, 436 A.2d 179 (Pa. 1981).

failure to contact Employer. Claimant argues that he automatically became unemployed when Employer told him Veeva no longer needed his services. To address that issue, we need to discuss what it means to "voluntarily leave" employment within the meaning of the Law.

Section 402(b) of the Law provides, in relevant part, that a claimant is not eligible to receive benefits for any week:

> In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature, irrespective of whether or not such work is in "employment" as defined in this act. . . .

43 P.S. § 802(b). "Employment" is defined in Section 4(l)(1) of the Law as:

> [A]ll personal service performed by remuneration by an individual under any contract of hire, express or implied, written or oral, including service in interstate commerce, and service as an officer of a corporation.

43 P.S. § 753(l)(1).

When examining whether a claimant has "voluntarily" left employment, an express resignation is not necessary to make this determination and "conduct which is tantamount to a voluntary termination of employment is sufficient." *Greenray Industries v. Unemployment Compensation Board of Review*, 135 A.3d 1140, 1143 (Pa. Cmwlth. 2016) (citing *Shrum v. Unemployment Compensation Board of Review*, 690 A.2d 796, 799-800 (Pa. Cmwlth. 1997)).

When making a determination of whether a person voluntarily left his employment, we must examine the totality of the facts surrounding the cessation of employment. *Watkins v. Unemployment Compensation Board of Review*, 65 A.3d 999 (Pa. Cmwlth. 2013). An employee's failure to take all necessary and reasonable steps to preserve his employment will result in a voluntary termination of employment. *Westwood v. Unemployment Compensation Board of Review*, 532 A.2d 1281 (Pa. Cmwlth. 1987).[5]

Claimant contends that his failure to adhere to Employer's policy was not a voluntary termination of his employment because in order for there to be "employment" under the Law, there must be remuneration for services. Because he was not being remunerated when he was supposed to report his availability for assignment, Claimant contends that he could not have voluntarily left employment because there was no employment for him to leave.

However, Section 402(b) of Law states that a claimant is ineligible for UC benefits for any week "[i]n which his unemployment is due to voluntarily

---

[5] In voluntary quit cases, a claimant bears the burden of proving that he resigned for a necessitous and compelling reason. *Uniontown Newspapers, Inc. v. Unemployment Compensation Board of Review*, 558 A.2d 627, 629 (Pa. Cmwlth. 1989). This means that the employee experienced circumstances which placed real and substantial pressure on the employee to terminate employment and which would cause a reasonable person under like circumstances to do the same. *Id.* What constitutes a necessitous and compelling cause is a question of law reviewable by this Court. *Craighead-Jenkins v. Unemployment Compensation Board of Review*, 796 A.2d 1031, 1033 (Pa. Cmwlth. 2002). The Board is the ultimate fact finder and its findings are conclusive on appeal as long as they are supported by substantial evidence. *Middletown Township v. Unemployment Compensation Board of Review*, 40 A.3d 217, 223 (Pa. Cmwlth. 2012).

leaving work without cause of a necessitous and compelling nature, *irrespective of whether or not such work is in 'employment' as defined in this [Law]. . . .*" 43 P.S. § 802(b) (emphasis added). Section 402(b) does not require that the voluntary termination be of "employment" but rather that the voluntary termination be from "work." Employees of temporary staffing agencies who fail to follow the employer agency's policies regarding work availability will be considered to have voluntarily quit "work." *See Calizaya v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 2640 C.D. 2015, filed July 14, 2016) 2016 WL 3762709 (holding that an employee of a temporary staffing agency who did not contact an employer agency after completion of an assignment in order to obtain a new assignment, per the employer's policy, had voluntarily quit); *Glover v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 1236 C.D. 2008, filed March 31, 2009) 2009 WL 9096661 (holding that a claimant was ineligible for benefits under Section 402(e) of the Law when she ceased all contact with her employer, a temporary staffing agency, and did not make herself available).

In this case, Employer's policy specifically provides that an employee will be considered "to have voluntarily quit employment" should he or she fail to contact Employer within 48 hours of the completion of an assignment. Claimant admits that he signed an agreement with Employer containing this provision and that he was aware Employer had such a policy, both in his response to the claimant questionnaire and at the hearing.

Claimant contends that he had a good reason for not following the policy in that it was not intentional because he had forgotten about the policy and

Employer failed to remind him of it when calling to inform him that his assignment with Veeva had ended. "Forgetting" and "not being reminded" of the policy does not rise to the level of a "necessitous and compelling" reason for voluntary termination. *See Westwood*, 532 A.2d at 1283 (holding that a claimant's failure to take necessary and reasonable steps to preserve employment constituted voluntary termination without cause of a necessitous and compelling nature). For these reasons, we find that Claimant voluntarily terminated his work with Employer and he failed to provide a necessitous and compelling reason for this termination.[6]

Accordingly, we affirm.

_____
DAN PELLEGRINI, Senior Judge

---

[6] Claimant contends that the Board's findings and conclusions are variously incomplete, legally unsound, unimaginative and unsupported by the record. None of the facts involved in this appeal are disputed. What Claimant is contending is that if the Board adopted his take on the facts and the law, it would have found him eligible for benefits. However, the Board's take on the facts and law was well reasoned and we will not disturb it on appeal.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard S. Thiessen,                        :
                    Petitioner             :
                                           :
            v.                             : No. 1080 C.D. 2017
                                           :
Unemployment Compensation                  :
Board of Review,                           :
                    Respondent             :

# **O R D E R**

AND NOW, this 18<u>th</u> day of <u>January</u>, 2018, the June 7, 2017 order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.

_____
DAN PELLEGRINI, Senior Judge