# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Kenneth T. Williams, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1246 C.D. 2018 |
| | : | Submitted: February 8, 2019 |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| Respondent | : | |

BEFORE:  HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**         **FILED:  April 11, 2019**

Petitioner Kenneth T. Williams (Claimant) petitions *pro se* for review of an order of the Unemployment Compensation Board of Review (Board). The Board affirmed an Unemployment Compensation Referee's (Referee) determination that Claimant was ineligible for benefits under Section 402(b) of the Unemployment Compensation Law (Law).[1]  For the reasons set forth below, we now affirm the Board's order.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b).  Section 402(b) of the Law provides, in part, that a claimant "shall be ineligible for compensation for any week" in which the claimant's "unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature."

Claimant was employed by Remedy Intelligent Staffing (Employer),[2] a temporary staffing agency until July 27, 2017. When Claimant's employment terminated, he applied for unemployment compensation benefits.

On April 27, 2018, the Harrisburg Overflow Center (Service Center) issued a Notice of Determination, finding Claimant ineligible for benefits. (Certified Record (C.R.), Item No. 5.) The Service Center determined that Claimant had initiated the separation, and it denied him benefits pursuant to Section 402(b) of the Law. (*Id.*) The Service Center further determined that Claimant received a fault overpayment of $4,408 in unemployment compensation benefits. (*Id.*) The Service Center informed Claimant that he was required to repay the overpayment amount. (*Id.*) Claimant appealed the Service Center's decision to a Referee. (C.R., Item No. 6.)

On May 7, 2018, the Referee provided Claimant notice of his hearing, scheduled for May 21, 2018. (C.R., Item No. 8.) Neither Claimant nor Employer appeared at the hearing. (C.R., Item No. 9.) During the hearing, the Referee entered into the record documents, including various Service Center documents, Claimant's petition for appeal, and notice of the hearing. (*Id.*)

The Referee affirmed the determination of the Service Center and made the following findings of fact:

---

[2] Claimant asserts in his brief that he was not employed by Employer, but rather he was employed by RemX Specialty Staffing. (Claimant's Br. at 12-13.) The claim record, however, shows that Claimant was employed by Employer, Employer requested relief from charges, Employer responded to the Pennsylvania Department of Labor and Industry's inquiries by stating that Claimant had been employed by it, and Employer informed the Referee that it would not be participating in the hearing. Nothing in the record suggests that Claimant was employed by RemX.

1.	[Claimant] worked until on or about July 27, 2017.[3]

2.	[Claimant] voluntarily terminated his employment.

3.	[Claimant] received unemployment compensation benefits in the total amount of $4,408, beginning with claim week ending August 12, 2017 through claim week ending September 30, 2017.

4.	The Service Center imposed a fault overpayment of benefits against [Claimant].

(C.R., Item No. 11.)  Based on these findings of fact, the Referee determined that Claimant was ineligible for unemployment compensation benefits and that he had received a *fault* overpayment pursuant to Section 804(a) of the Law.[4]  (*Id.*)  The Referee noted that her determination was based on a review of the documentary evidence, as Claimant did not appear to testify.  (*Id.*)  The Referee concluded that the record indicated that Claimant voluntarily terminated his employment and that nothing in the record indicated Claimant had a necessitous and compelling reason for doing so.  (*Id.*)

On May 23, 2018, Claimant emailed the Referee's office to reschedule the hearing.  (C.R., Item No. 10.)  The Referee's office informed Claimant that once the hearing has occurred, it cannot be rescheduled and that Claimant can appeal the Referee's decision.  (*Id.*)

Claimant appealed the Referee's decision to the Board.  (C.R., Item No. 12.)  The Board, after review of the record, adopted with modification the Referee's findings of fact and conclusions of law.  (C.R., Item No. 13.)  In so doing,

---

[3] According to Employer's Separation Response, Claimant became employed by Employer on January 4, 2016.  (C.R., Item No. 3.)

[4] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 874(a).  Section 804(a) of the Law, pertaining to fault overpayments, requires a claimant to repay the fault overpayment with interest.

the Board concluded that the Referee correctly determined that Claimant was ineligible for unemployment compensation benefits under Section 402(b) of the Law. (*Id.*) The Board, however, disagreed with the Referee's decision to assess a *fault* overpayment. (*Id.*) The Board concluded that Claimant's overpayment was *non-fault* under Section 804(b) of the Law,[5] because there was insufficient evidence in the record to indicate fault on behalf of Claimant. (*Id.*) The Board also concluded that a remand for additional evidence was not necessary, as Claimant did not advance proper cause for his nonappearance at the hearing. Accordingly, the Board affirmed the decision of the Referee as modified, denying benefits and noting a non-fault overpayment of $4,408, subject to recoupment. (*Id.*)

Claimant now petitions this Court for review. On appeal,[6] Claimant argues that the Board erred in concluding that Claimant voluntarily quit his employment without a necessitous and compelling reason, because his assignment ended at the John Middletown Company's plant in Limerick, Pennsylvania, due to the plant's closure, and he notified Employer of his last day of employment.

---

[5] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 874(b). Section 804(b)(1) of the Law, pertaining to non-fault overpayments, does not require a claimant to repay the non-fault overpayment. Rather, Section 804(b)(1) of the Law, provides, in part:

> Any person who other than by reason of his fault has received with respect to a benefit year any sum as compensation under this act to which he was not entitled shall not be liable to repay such sum but shall be liable to have such sum deducted from any future compensation payable to him with respect to such benefit year, or the three-year period immediately following such benefit year, in accordance with the provisions of this paragraph.

[6] This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. 2 Pa. C.S. § 704.

4

Whether a claimant's separation from employment is the result of a voluntary action or a discharge is a question of law subject to review by this Court and must be determined from a totality of the facts surrounding the cessation of employment. *Key v. Unemployment Comp. Bd. of Review*, 687 A.2d 409, 412 (Pa. Cmwlth. 1996). A claimant voluntarily terminates his employment when he resigns, leaves, or quits his employment without action by the employer. *Roberts v. Unemployment Comp. Bd. of Review*, 432 A.2d 646, 648 (Pa. Cmwlth. 1981). "Employees of temporary staffing agencies who fail to follow the employer agency's policies regarding work availability will be considered to have voluntarily quit 'work.'" *Thiessen v. Unemployment Comp. Bd. of Review*, 178 A.3d 255, 261 (Pa. Cmwlth.), *appeal denied*, 194 A.3d 554 (Pa. 2018).

Employer, through its representative, Equifax, as part of its "Employer Separation Response," reported to the Service Center that Claimant had voluntarily quit a temporary position after failing to maintain contact with Employer for further assignment after he had completed an earlier assignment, as required by Employer's policies. (C.R., Item No. 3, letter from Equifax, dated March 28, 2018.) Claimant did not provide any information to the Service Center in response to the questionnaire sent to him by the Service Center. (C.R., Item No. 4.) Given that neither Employer nor Claimant appeared at the hearing, the Referee considered the written information provided to her—*i.e.*, the evidence contained in the record—and found that Claimant had voluntarily terminated his employment.

Nevertheless, pursuant to Section 402(b) of the Law, a claimant who voluntarily quits his employment may be eligible for unemployment compensation benefits if he voluntarily quit for cause of a necessitous and compelling nature. Whether a claimant had cause of a necessitous and compelling nature for leaving his

5

employment is a question of law subject to this Court's review. *Wasko v. Unemployment Comp. Bd. of Review*, 488 A.2d 388, 389 (Pa. Cmwlth. 1985). A claimant who voluntarily quits his employment bears the burden of proving that necessitous and compelling reasons motivated that decision. *Fitzgerald v. Unemployment Comp. Bd. of Review*, 714 A.2d 1126, 1129 (Pa. Cmwlth. 1998), *appeal denied*, 794 A.2d 364 (Pa. 1999).

Here, Claimant argues that he did not voluntarily quit, because when his assignment ended as a result of the plant closure, he informed Employer of the status of his assignment. This argument, however, is not supported by the record. The only evidence in the record before the Referee and Board indicated that Claimant voluntarily left his employment when he failed to keep in contact with Employer after completing an assignment. Claimant offered into the record no evidence to the contrary. As a result, the Board did not err when it concluded that Claimant failed to establish cause of a necessitous and compelling nature for voluntarily leaving his employment.[7]

Accordingly, we affirm the order of the Board.

P. KEVIN BROBSON, Judge

---

[7] Although Claimant attached documents to his brief to this Court, purporting to establish that his assignment at the John Middletown Company's plant ended due to the closure of the plant and that he notified Employer of the date of his last day of employment, the Court is precluded from considering those documents on appeal. *See Croft v. Unemployment Comp. Bd. of Review*, 662 A.2d 24, 28 (Pa. Cmwlth. 1995) ("This Court may not consider auxiliary information appended to a brief that is not part of the certified record on appeal.").

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kenneth T. Williams,             :
             Petitioner   :
                           :
      v.                  :   No. 1246 C.D. 2018
                           :
Unemployment Compensation  :
Board of Review,            :
             Respondent  :

## **O R D E R**

AND NOW, this 11th day of April, 2019, the order of the Unemployment Compensation Board of Review is AFFIRMED.

<br>

                                                 P. KEVIN BROBSON, Judge